# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 2, 2010 Session

## STATE OF TENNESSEE v. JAMES ALVIN CASTLEMAN

**Direct Appeal from the Circuit Court for Carroll County**
**No. 01CR1672      Donald E. Parish, Judge**

---

**No. W2009-01661-CCA-R3-CD  - Filed May 27, 2010**

---

The State appeals the grant of Petitioner James Alvin Castleman's petition for writ of error coram nobis, arguing, *inter alia,* that the trial court erred in finding that the statute of limitations should be tolled for due process reasons.  We agree with the State and, accordingly, reverse the judgment of the trial court and reinstate the judgment of conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Conviction Reinstated**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN, J., joined.  JOHN EVERETT WILLIAMS, J., filed a dissenting opinion.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Hansel Jay McCadams, District Attorney General; and R. Adams Jowers, Assistant District Attorney General, for the appellant, State of Tennessee.

Steven L. West, Huntingdon, Tennessee, for the appellee, James Alvin Castleman.

## OPINION

## FACTS AND PROCEDURAL HISTORY

In July 2001, the petitioner pled guilty in the Carroll County Circuit Court to one count of domestic assault, a Class A misdemeanor, for which he received a suspended sentence of eleven months, twenty-nine days.  On December 17, 2008, he was charged in the United States District Court for the Western Section of Tennessee with violating 18 U.S.C. § 922(g)(9), which makes it a felony for a person who has been convicted of an offense involving domestic violence to possess a firearm.  See United States v. James Alvin Castleman, CR. No. 08-20420-MI, 2010 WL 711179 (W.D. Tenn. Feb. 22, 2010).

On March 13, 2009, the petitioner filed a motion to set aside the judgment in his domestic assault case, asserting that he was not informed that the conviction would prevent him from carrying a firearm or that his possession of a firearm following the conviction would constitute a felony offense. On May 8, 2009, he filed an "Amended Motion to Set Aside Judgment and Petition for Writ of Habeas Corpus and Petition for Post-Conviction Relief and Petition for Writ of Error Coram Nobis." Finally, on July 1, 2009, he filed a "consolidated" amended motion to set aside the judgment and a petition for writ of habeas corpus, petition for post-conviction relief, and petition for writ of error coram nobis.

The petitioner asserted that he was not informed of the consequences of his guilty plea, in violation of Tennessee Code Annotated section 40-14-109(b), which provides as follows:

> Before the court accepts the guilty plea of a defendant charged with a domestic violence offense, it shall inform the defendant that it is a federal offense for a person convicted of a domestic violence offense to possess or purchase a firearm and that from the moment of conviction for a domestic violence offense the defendant will never again be able to lawfully possess or buy a firearm of any kind. After so informing the defendant, the court may accept the plea of guilty if the defendant clearly states on the record that the defendant is aware of the consequences of a conviction for a domestic violence offense and still wishes to enter a plea of guilty.

With respect to the petition for writ of error coram nobis, the petitioner argued that the trial court's failure to admonish him of the consequences of his guilty plea constituted an error that could not have been litigated at trial, on a motion for new trial, or on appeal "inasmuch as [he] did not become aware that he had such a right until he was charged in Federal Court[.]"

The State responded with a motion to dismiss in which it, among other things, asserted the one-year statute of limitations as a bar to the petition for writ of error coram nobis.

At the July 15, 2009, evidentiary hearing, Melissa Gurley, Chief Deputy Clerk of the Carroll County Circuit Court, identified the court file for the petitioner's 2001 domestic assault case, which was admitted as an exhibit to the hearing. She said there was no audio recording of the plea and nothing in the record to indicate the identity of the court reporter. She further testified that she had checked with the judge's secretary and learned that there was no recording of the proceedings.

The petitioner testified that the judge who accepted his guilty plea did not tell him that

he could be charged with a federal felony if he possessed a firearm and that, had he done so, he never would have pled guilty. He said his wife had purchased guns as gifts for him three or four times over the past eight years and that he had been unaware until the federal indictment was returned against him that he could not legally possess them. He acknowledged that it was his signature on the guilty plea form in the domestic assault case, and his counsel then stipulated that the petitioner had been aware of all the rights contained in the guilty plea form.

Although it is not included in the record, the order of the trial court indicates that an additional exhibit admitted at the hearing was the affidavit of the lawyer who represented the petitioner in his domestic assault case, who stated that he did not recall whether either he or the presiding judge advised the petitioner of the firearms possession consequence of his plea.

In a written order entered on July 16, 2009, the trial court denied the motion for withdrawal of guilty plea because it was filed more than thirty days after the judgment became final, denied the petition for post-conviction relief because it was filed outside the one-year statute of limitations, and denied the petition for writ of habeas corpus because the petitioner's judgment was not void and the petitioner had failed to comply with the procedural requirements for seeking habeas corpus relief.

The court granted the petition for writ of error coram nobis, finding, *inter alia*, that the judge who accepted the petitioner's guilty plea failed to advise the petitioner of the consequences of his plea, that the petitioner would not have pled guilty had he been informed of the federal prohibition relating to his firearms possession, and that the petitioner's plea was consequently unknowing and unintelligent. The court concluded that the one-year statute of limitations should be tolled on due process grounds because the interest of the petitioner in obtaining relief clearly outweighed the interest of the government in bringing closure to criminal cases.

## ANALYSIS

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at

the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c) (2006).

A guilty plea can be set aside after the judgment is final "'if the plea was not entered voluntarily, intelligently, and knowingly, or was obtained through the abridgment of any right guaranteed by the United States or Tennessee Constitutions.'" Newsome v. State, 995 S.W.2d 129, 133 (Tenn. Crim. App. 1998) (quoting State v. Antonio Demonte Lyons, No. 01C01-9508-CR-00263, 1997 WL 469501, at *6 (Tenn. Crim. App. Aug. 15, 1997)). When a conviction stems from a guilty plea, "in order for a writ [of error coram nobis] to issue, the [petitioner] would have to present newly discovered evidence which would show that his plea was not voluntarily or knowingly entered." Id. at 134.

The decision to grant or deny a petition for writ of error coram nobis based on newly discovered evidence lies within the sound discretion of the trial court. See Tenn. Code Ann. § 40-26-105; State v. Hart, 911 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We review this issue, therefore, under an abuse of discretion standard.

The State argues that the petition was untimely and the petitioner has shown no reason that the statute of limitations should be tolled. We agree that due process does not require that the statute of limitations be tolled under the circumstances in this case. The time limit for seeking a writ of error coram nobis is one year from the date the judgment becomes final in the trial court. See Tenn. Code Ann. §§ 40-26-105, 27-7-103; Mixon, 983 S.W.2d at 667. Thus, the petitioner's time for filing the petition for writ of error coram nobis expired on August 15, 2002, and his "consolidated" petitions were therefore filed over six years late.

The trial court relied on the holdings in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) and Workman v. State, 41 S.W.3d 100 (Tenn. 2001), to conclude that due process considerations required that the statute of limitations be tolled in the petitioner's case. In Mackey, our supreme court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea." 553 S.W.2d at 340. In Workman, our supreme court held that due process required the tolling of the one-year statute of limitations where a petitioner in a capital case sought a writ of error coram nobis based on newly discovered exculpatory evidence, concluding that "Workman's interest in obtaining a hearing to present newly discovered evidence that may establish actual innocence of a capital offense far outweighs any governmental interest in preventing the litigation of stale claims." 41 S.W.3d at 103.

-4-

In reaching this holding, the Workman court relied in large part on the analysis in Burford v. State, 845 S.W.2d 204 (Tenn. 1992), a post-conviction case in which the petitioner was serving a life sentence. In that case, the court recognized that application of the statute of limitations under the circumstances of a particular case "may not afford [the petitioner] a reasonable opportunity to have the claimed issue heard and decided." Id. at 208. Noting that "identification of the precise dictates of due process requires consideration of the governmental and private interests involved," the Burford court concluded that the government's interest in "administrative efficiency and economy" was "insufficient to override Burford's interest against serving an excessive sentence in violation of his rights under the Eighth Amendment to the U.S. Constitution and Article I, § 16 of the Tennessee Constitution." Id. at 209.

The petitioner in this case, in stark contrast to Workman and Burford, received a suspended eleven-month-twenty-nine-day sentence for his misdemeanor conviction. Moreover, his claim of "newly discovered evidence" has no bearing on his actual guilt or innocence of the domestic assault charge, but instead relates only to whether or not he would have chosen to plead guilty had he been informed of the federal prohibition against his possession of firearms. Even if we were to affirm the judgment of the trial court in granting the petition, it would afford the petitioner no relief from his federal firearms possession charges, as the United States District Court for the Western Section of Tennessee, in denying the petitioner's motion to dismiss the charges on the basis of the Tennessee trial court's order, observed that "a setting aside of the predicate offense after the date of the defendant's illegal possession of a firearm is irrelevant to a § 922(g) prosecution initiated before the conviction was set aside." James Alvin Castleman, 2010 WL 711179, at *5.[1]

Under these circumstances, we conclude that the State's interest in finality of judgments and judicial economy outweighs the petitioner's interest in being afforded an opportunity to enter an "intelligent and knowing" guilty plea, to the extent that he may not have been informed of the consequences of the plea as required by Tennessee Code Annotated section 40-14-109(b). Indeed, this case exemplifies why statutes of limitation are needed, as memories routinely fade and records may well be lost or unavailable following an extended passage of time, as here, where almost eight years elapsed between the entry of the petitioner's guilty plea and his filing of his petition for writ of error coram nobis.

## CONCLUSION

Based on the foregoing authorities and reasoning, we conclude that due process considerations do not require that the statute of limitations be tolled under the circumstances

---

[1]The trial court did not have the benefit of this ruling at the time of its determination.

-5-

presented by this case. Accordingly, we reverse the trial court's grant of error coram nobis relief and reinstate the judgment of conviction.

_____

ALAN E. GLENN, JUDGE